**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| KAREN TATUM, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:20-cv-00121-HEA |
| | ) |
| DELAWARE NORTH SPORTS SERVICE | ) |
| N.Y., et al., | ) |
| | ) |
| Defendants. | ) |

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on the motion of plaintiff Karen Tatum for leave to commence this civil action without payment of the required filing fee. (Docket No. 2). Having reviewed the motion, the Court finds that it should be granted. Additionally, for the reasons discussed below, the Court will direct plaintiff to file an amended complaint.

**Legal Standard**

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of

1

action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016). *See also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-73 (8th Cir. 2016) (stating that court must accept factual allegations in complaint as true, but is not required to "accept as true any legal conclusion couched as a factual allegation").

When reviewing a pro se complaint under § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). *See also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (stating that federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). In addition, affording a pro se complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

## The Complaint and Charge of Discrimination

Plaintiff is a self-represented litigant who brings this action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, *et seq*. ("Title VII"), the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. §§ 621, *et seq.* ("ADEA"), and the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §§ 12101, *et seq.* ("ADA"). She alleges race, color, age (birth year 1961), and disability discrimination during her employment at Delaware

2

North Sports Service N.Y ("Delaware North"). In the complaint, plaintiff names the following defendants: Delaware North; Felicia Lamar (Human Resource Director); Martin Bethea (Concessions/Vending Manager); Tim O'Connor (Concessions Manager); Linda Johnson-Hoernig (Concessions Director); Linda Thorpe (Stand Director); Brady Watson (Concession Loss Prevention); and Donna Bommarito (Main Cashier Supervisor).

In the section of the form complaint provided for plaintiff to state her claim, she alleges the following:

> Felicia Lamar – retaliation, wrongful termination, failure to accommodate my disability, Civil Rights 1964
>
> Delaware North Sports Service – wrongful termination, Civil Rights 1964
>
> Martin Bethea – harassment, disability, age, race, other Civil Rights 1964, retaliation
>
> Tim O'Connor – harassment, wrongful termination, race, color
>
> Linda Johnson-Hoernig – harassment, disability, race, Civil Rights 1964
>
> Linda Thorpe – harassment, Title VII 1964
>
> Brandy Watson – harassment, retaliation, civil rights violations
>
> Donna Bommarito – harassment, civil rights violations

(Docket No. 1 at 5). Plaintiff does not include any facts regarding the alleged discriminatory conduct of these defendants or how each defendant was involved in such conduct.

In the space provided to describe the relief she seeks from this Court, plaintiff requests "other suitable position besides stand attendant job back, "utilize union with best interest," "stop

3

harassment to honor [her] doctor statement(s)," and "provide and accommodate any disability [she] expressed." (Docket No. 1 at 7).

Attached to plaintiff's complaint is a right to sue letter from the Equal Employment Opportunity Commission ("EEOC") and her charge of discrimination. (Docket Nos. 1-3, 1-4). In the charge of discrimination, plaintiff named Delaware North as the respondent and checked the boxes indicating she was discriminated against based on race, age, disability, and retaliation. In the body of her charge, plaintiff alleged she was hired by Delaware North in June of 2017 as a stand attendant. Plaintiff stated she was subjected to "harassment and unfair/unprofessional treatment from [her] co-workers, supervisors, and managers." Plaintiff claimed the conduct included:

> being talked to in a disrespectful manner, given false and unwarranted write-ups, forced to clean [her] work area by [her]self while [her] co-workers were allowed to stand around idle, asked to perform tasks (mopping) that went against [her] doctor orders, and denied opportunities to leave work early even though [she] had received prior management approval.

(Docket No. 1-4). Plaintiff stated that she made numerous verbal and written complaints to Delaware North's human resources department, which were ignored. Plaintiff claimed Felicia Lamar informed her that her termination was due to insubordination. Other than Delaware North and Felicia Lamar, plaintiff does not identify any other defendants in her charge of discrimination.

## Discussion

Having thoroughly reviewed and liberally construed plaintiff's complaint, the Court finds that it is subject to dismissal. However, in consideration of plaintiff's self-represented status, the Court will allow her to file an amended complaint.

4

### A. Administrative Remedies

Plaintiff's charge of discrimination names Delaware North as the respondent and identifies Felicia Lamar as the Human Resources Director who informed plaintiff she was terminated because of insubordination. If plaintiff wishes to bring a lawsuit against the additional defendants she names in her complaint, she must have a right to sue letter from the EEOC that names them, as this is a prerequisite to the filing of a civil suit. *See Sedlacek v. Hach*, 752 F.2d 333, 336 (8th Cir. 1985) (a plaintiff must file a charge with the EEOC against a specific party before she can sue that party in court).

Courts, however, have recognized an exception to the general rule that a defendant must first be named in an EEOC charge. This exception is commonly referred to as the "identity of interest" exception, which can be applied where "substantial identity" exists between the parties before the EEOC and the court. *Johnson v. Palma*, 931 F.2d 203, 209 (2nd Cir. 1991); *Sedlacek*, 752 F.2d at 336. This exception permits an employment discrimination claim "to proceed against a party not named in the EEOC charge where there is a clear identity of interest between the unnamed defendant and the party named in the EEOC charge." *Henry v. E.G. & G. Missouri Metals Shaping Co.*, 837 F. Supp. 312, 313-14 (E.D. Mo. Nov. 19, 1993) (citing *Johnson*, 931 F.2d 203 at 209). "Where the unnamed party has been provided with adequate notice of the charge, under circumstances where the party has been given the opportunity to participate in conciliation proceedings aimed at voluntary compliance, an action against that party may proceed in court." *Id.* at 314 (citing *Greenwood v. Ross*, 778 F.2d 448, 451 (8th Cir. 1985)).

Plaintiff's charge of discrimination does not name Felicia Lamar; Martin Bethea; Tim O'Connor; Linda Johnson-Hoernig; Linda Thorpe; Brady Watson; or Donna Bommarito as

5

respondents in her charge of discrimination. Other than Felicia Lamar, who is mentioned in the "Particulars" section of the charge of discrimination, plaintiff fails to provide facts to show what connection, if any, the individual defendants have to her retaliation, race, color, age, and disability discrimination claims. Plaintiff's failure to bring a discrimination charge against these individual defendants, or give them notice of her claims by referencing their alleged conduct in her charge of discrimination, makes the claims against these defendants subject to dismissal for failure to exhaust administrative remedies.

### B. Other Deficiencies in Complaint

Aside from plaintiff's failure to bring a discrimination charge against defendants Lamar, Bethea, O'Connor, Johnson-Hoernig, Thorpe, Watson, or Bommarito, plaintiff's complaint contains other deficiencies as noted below.

#### 1. Can Only Bring Suit Against Employer

To the extent plaintiff is attempting to assert Title VII, ADEA, and ADA claims against the individual defendants in this matter, such claims are subject to dismissal. That is, such claims may only be brought against the employer itself.

Title VII only provides a remedy against an "employer," who is a "person engaged in an industry affecting commerce who has fifteen or more employees." *See* 42 U.S.C. §§ 2000e(b); 2000e-2(a). The Eighth Circuit has squarely held that individuals, including supervisors, coworkers and managers, may not be held individually liable under Title VII. *Bonomolo-Hagen v. Clay Central-Everly Community School District*, 121 F.3d 446, 447 (8th Cir. 1997) (citing *Spencer v. Ripley County State Bank*, 123 F.3d 690, 691-92 (8th Cir. 1997) (*per curiam*)); and *Bales v. Wal-Mart Stores Inc.*, 143 F.3d 1103, 1111 (8th Cir. 1998).

6

Similarly, there is no individual liability for co-workers or supervisors under the ADA, only employers. *See Walsh v. Nevada Dept. of Human Resources*, 471 F.3d 1033, 1037-38 (9th Cir. 2006) (collecting cases). *See also Alsbrook v. City of Maumelle*, 184 F.3d 999, 1005 n. 8 (8th Cir. 1999). This Court has repeatedly held that individuals are not liable under the ADA. *See, e.g.*, *Ebersole v. Novo Nordisk, Inc.*, 2011 WL 6115655, at *1 (E.D. Mo. Dec. 8, 2011); *McCann v. New World Pasta Co.*, 2010 WL 4180717 (E.D. Mo. Oct. 20, 2010); *Donnelly v. St. John's Mercy Medical Center*, 2008 WL 2699859 (E.D. Mo. June 30, 2008); and *Stevenson v. Best Buy Corp.*, 2005 WL 3434770 (E.D. Mo. Dec. 14, 2005).

Although the Eighth Circuit Court of Appeals has not explicitly decided whether individuals are "employers" that can be held liable under the ADEA, the statute and caselaw are persuasive in this respect.

The ADEA makes it "unlawful for an employer…to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a). Persons aged forty and over are protected by the ADEA. 29 U.S.C. § 631. The ADEA defines an employer as "a person engaged in an industry affecting commerce who has twenty or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year… [and] any agent of such person." 29 U.S.C. § 630(b).

Because the Eighth Circuit has determined that Title VII and the ADEA define "employer" in a "substantially identical manner," *Lenhardt v. Basic Institute of Technology, Inc.*, 55 F.3d 377, 380 (8th Cir. 1995), the Eighth Circuit would likely conclude that individual liability cannot be imposed under the ADEA. *See Stevenson v. Brod Dugan Paint and Wall Coverings*, 934 F. Supp.

7

1131, 1133 (E.D. Mo. 1996) ("although the Eighth Circuit has yet to definitely state that…individual liability cannot be imposed under…the ADEA, its holdings [in other cases] clearly indicate that such a holding will ultimately be made").

In addition to *Stevenson*, other district courts within the Eighth Circuit have determined that co-workers and supervisors cannot be held personally liable under the ADEA. *See, e.g.*, *Lyons-Belisle v. American Wholesale Florists of Kansas City, Inc.*, 2016 WL 4443186, at *3 (W.D. Mo. Aug. 19, 2016); *Bartunek v. eFrame, LLC*, 2016 WL 5854215, at *1 (D. Neb. Oct. 6, 2016); *Smith v. Bankers Life and Cas. Co.*, 519 F. Supp. 2d 964, 967 (S.D. Iowa 2007); *Wortham v. American Family Ins. Co.*, 2002 WL 31128057, at *4 (N.D. Iowa Sept. 17, 2002) ("While the Eighth Circuit has not explicitly decided the issue, relevant case law strongly suggests that it would conclude that there is no individual liability under the ADEA"); and *Kelleher v. Aerospace Community Credit Union*, 927 F. Supp. 361, 363 (E.D. Mo. 1996) ("[T]he Court reaffirms its previous decisions that individuals cannot be held liable under the ADEA").

Other circuit courts of appeals have reached similar conclusions regarding individual liability under the ADEA. *See, e.g.*, *Medina v. Ramsey Steel Co., Inc.*, 238 F.3d 674, 686 (5th Cir. 2001); *Stults v. Conoco, Inc.*, 76 F.3d 651, 655 (5th Cir. 1996); *Csoka v. U.S. Government*, 1996 WL 467654, at *5 (7th Cir. 1996) ("The ADEA, like Title VII, does not authorize individual liability claims"); *Smith v. Lomax*, 45 F.3d 402, 403 n. 4 (11th Cir. 1995); *Birkbeck v. Marvel Lighting Corp.*, 30 F.3d 507, 510 (4th Cir. 1994); and *Miller v. Maxwell's Int'l*, 991 F.2d 583, 587 (9th Cir. 1993) (stating that "[i]f Congress decided to protect small entities with limited resources from liability, it is inconceivable that Congress intended to allow civil liability to run against individual employees").

Thus, as currently pleaded, plaintiff's complaint fails to state a claim upon which relief may be granted against defendants Felicia Lamar, Martin Bethea, Tim O'Connor, Linda Johnson-Hoernig, Linda Thorpe, Brady Watson, or Donna Bommarito. In other words, plaintiff's claims under Title VII, the ADEA, and the ADA may only be brought against her employer.

### 2. Failure to State a Claim

Plaintiff's complaint also fails to state a claim. Plaintiff completed her complaint on a Court-provided form, which specifically states she is required to describe the essential facts of her claim, including the conduct she believes is discriminatory, and a description of how each defendant is involved in such conduct. Plaintiff's complaint is devoid of any facts against the named defendants, including her employer Delaware North. As such, the Court is unable to determine whether her claims give rise to "a claim to relief that is plausible on its face." *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Therefore plaintiff's claims against all defendants, including her employer, Delaware North, are subject to dismissal.

### C. Order to Amend

Because plaintiff is proceeding as a self-represented litigant, she will be allowed to file an amended complaint, according to the following instructions.

Plaintiff is advised that the claims she brings before this Court must be like or reasonably related to the claims outlined in her administrative charge or they will be subject to dismissal for failure to exhaust administrative remedies. *See*, *e.g.*, *Duncan v. Delta Consolidated Indus., Inc.*, 371 F.3d 1020, 1024 (8th Cir. 2004). As discussed above, plaintiff is reminded she may only bring claims against defendants named in her EEOC charge of discrimination or who satisfy the "identity of interest" exception. *Henry*, 837 F. Supp. at 313-14.

The amended complaint will replace the original complaint. *See In re Wireless Telephone Federal Cost Recovery Fees Litigation*, 396 F.3d 922, 928 (8th Cir. 2005) ("It is well-established that an amended complaint supersedes an original complaint and renders the original complaint without legal effect"). Plaintiff must type or neatly print the amended complaint on a court-provided employment discrimination form, and she must comply with the Federal Rules of Civil Procedure, including Rules 8 and 10.

In the "Caption" section of the complaint form, plaintiff should write the name of the person(s) she intends to sue. *See* Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties"). Plaintiff must avoid naming anyone as a defendant unless that person is directly related to her claim. Rule 8 requires plaintiff to set forth a short and plain statement of the claim showing entitlement to relief, and it also requires that each averment be simple, concise and direct. Rule 10 requires plaintiff to state her claims in separately numbered paragraphs, each limited as far as practicable to a single set of circumstances.

If plaintiff wishes to assert claims under race, age, or disability discrimination, she must state what her race, age, and disability are, and then carefully describe the adverse employment action(s) she believes was taken and why it amounted to discrimination. She must also file copies of her administrative charge and her EEOC right-to-sue letter.

The Clerk of Court will be directed to provide plaintiff with an employment discrimination complaint form. Plaintiff will be given twenty-one days to file an amended complaint along with the required documents. Upon receipt of the amended complaint, the Court will review it pursuant to 28 U.S.C. § 1915(e).

### D. Appointment of Counsel

Plaintiff has filed a motion to appoint counsel. (Docket No. 3). In civil cases, a self-represented litigant does not have a constitutional or statutory right to appointed counsel. *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013). *See also Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998) (stating that "[a] pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case"). Rather, a district court may appoint counsel in a civil case if the court is "convinced that an indigent plaintiff has stated a non-frivolous claim… and where the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018). When determining whether to appoint counsel for an indigent litigant, a court considers relevant factors such as the complexity of the case, the ability of the self-represented litigant to investigate the facts, the existence of conflicting testimony, and the ability of the self-represented litigant to present his or her claim. *Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006).

After considering these factors, the Court finds that the appointment of counsel is unwarranted at this time. Plaintiff has yet to file a complaint that survives initial review, so it cannot be said that plaintiff has presented non-frivolous claims. Additionally, this case appears to involve straightforward factual and legal issues, and there is no indication that plaintiff cannot investigate the facts and present her claims to the Court. The Court will entertain future motions for appointment of counsel, if appropriate, as the case progresses.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis (Docket No. 2) is **GRANTED**.

11

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel (Docket No. 3) is **DENIED** at this time.

**IT IS FURTHER ORDERED** that plaintiff shall amend her complaint, on a court-provided form, and submit a copy of her EEOC right to sue letter and charge of discrimination, within **twenty-one (21) days** of the date of this Order in compliance with the instructions set forth herein.

**IT IS FURTHER ORDERED** that the Clerk of Court shall provide plaintiff a copy of a blank Employment Discrimination Complaint form.

**IT IS FURTHER ORDERED** that if plaintiff fails to timely comply with this Memorandum and Order, the Court will dismiss this action without prejudice and without further notice.

Dated this 20th day of April, 2020.

                                      HENRY EDWARD AUTREY
                                      UNITED STATES DISTRICT JUDGE