**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

KAREN TATUM,                          )
                                      )
              Plaintiff,              )
                                      )
       v.                             )          No. 4:20-cv-00121-HEA
                                      )
DELAWARE NORTH SPORTS SERVICE         )
N.Y., et al.,                         )
                                      )
              Defendants.             )

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on its own motion. On April 20, 2020, the Court ordered

plaintiff Karen Tatum to file an amended complaint within twenty-one days. More than twenty-

one days have elapsed, and plaintiff has failed to comply. Therefore, for the reasons discussed

below, the Court will dismiss this action without prejudice.

**Background**

Plaintiff is a self-represented litigant. On January 24, 2020, she filed this civil action against

Delaware North Sports Service N.Y., Felicia Lamar, Martin Bethea, Tim O'Connor, Linda

Johnson-Hoernig, Linda Thorpe, Brandy Watson, and Donna Bommarito. (Docket No. 1). The

complaint generally alleged employment discrimination under Title VII of the Civil Rights Act of

1964, the Age Discrimination in Employment Act of 1967, and the Americans with Disabilities

Act of 1990. Along with the complaint, plaintiff filed a motion for leave to proceed in forma

pauperis, which was granted. (Docket No. 2).

Because plaintiff was proceeding pro se, the Court reviewed the complaint pursuant to 28

U.S.C. § 1915(e)(2), which requires the Court to dismiss a complaint filed in forma pauperis if it

is frivolous, malicious, or fails to state a claim. On April 20, 2020, the Court issued an order in

which it noted several deficiencies in plaintiff's complaint. (Docket No. 4). Chief among those deficiencies was plaintiff's failure to state a claim against any of the named defendants. Specifically, the "Statement of Claim" section in plaintiff's complaint consisted of nothing more than each defendant's name, and her conclusions as to what that particular defendant did, or what particular law that defendant had violated. Such vague and conclusory pleading was insufficient to demonstrate that plaintiff had "a claim to relief that [was] plausible on its face." *See Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007).

The Court advised plaintiff that her complaint was subject to dismissal. However, because plaintiff was self-represented, the Court gave her an opportunity to file an amended complaint. To aid her in compliance, the Court had the Clerk of Court mail her a copy of the Court's employment discrimination form. The Court's order also provided instructions on completing an amended complaint. Plaintiff was given twenty-one days in which to comply. She was advised that the failure to submit an amended complaint in that timeframe would result in the dismissal of this action without prejudice and without further notice.

### Discussion

As explained above, the Court reviewed plaintiff's pro se complaint pursuant to 28 U.S.C. § 1915(e)(2), and determined that it was subject to dismissal. Rather than dismissing outright, however, the Court ordered plaintiff to file an amended complaint within twenty-one days. The amended complaint was due by May 11, 2020. That deadline has expired. Despite having been given more than twenty-one days in which to comply, plaintiff has not submitted an amended complaint, as directed. Moreover, plaintiff has not filed a motion requesting an extension of time in which to comply. Indeed, since the Court's order of April 20, 2020, there have been no further filings of any nature with the Court. As a result, this action is dismissed for failure to comply with

the Court's order. *See* Fed. R. Civ. P. 41(b); and *Brown v. Frey*, 806 F.2d 801, 803 (8th Cir. 1986) (stating that district court may dismiss a pro se litigant's action for failure to comply with a court order on its own initiative).

Accordingly,

**IT IS HEREBY ORDERED** that this action is **DISMISSED** without prejudice. *See* Fed. R. Civ. P. 41(b). A separate order of dismissal will be entered herewith.

**IT IS HEREBY CERTIFIED** that an appeal would not be taken in good faith.

Dated this 4th  day of June,  2020.

_____
        HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE